IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 CV 031

RODNEY PATTERSON,            )
                             )
    Plaintiff                )
                             )          **ORDER**
    v                        )
                             )
SUGAR MOUNTAIN RESORT,       )
                             )
    Defendant.               )

**THIS MATTER** has come before the undersigned after a review of the filings in the above entitled matter. On February 5, 2014 a Complaint (#1) was filed with this Court by Plaintiff's counsel John E. Rogers, II of Spartanburg, South Carolina. Mr. Rogers is a member of the North Carolina Bar and a member of this Court. Thereafter, a Notice of Appearance (#5) was filed by T. Ryan Langley providing notice that Mr. Langley, attorney of Spartanburg, South Carolina was also appearing on behalf of the Plaintiff. Mr. Langley is not a member of the North Carolina Bar nor is he a member of the Bar of this Court. Mr. Langley can only appear on behalf of the Plaintiff if he is admitted for *pro hac vice* admission as set forth under LCvR 83.1(D)(1) which provided as follows:

   LCvR 83.1(D)(1)

   **(1) Pro Hac Vice Admissions.** A *pro hac vice* admission is defined

1

as an admission to the Bar of this Court in a particular case by an attorney who is a member in good standing of the Bar of a United States District Court, the Bar of the highest Court of any state, or the District of Columbia Bar. Such a candidate for admission must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court.

Further, LCvR 83.1(E) provides:

**(E) Procedures and Forms Applicable to Special, Pro Hac Vice, and Nunc Pro Tunc Admissions.**

**(1)** Special, *pro hac vice*, and *nunc pro tunc* admissions are discretionary and additional requirements or expectations for such admissions may be found in the Standing Civil Order of the judge to whom the case is assigned.

**(2)** A motion seeking admission under this Rule shall be submitted to the Court upon the forms prescribed by this Court;

   **(a)** the motion shall be filed electronically by local counsel who must be registered to file electronically;
   **(b)** the motion shall include the e-mail address of the attorney seeking admission; and
   **(c)** the motion shall be accompanied by a District Application Fee plus the National Admission Fee established by the Judicial Conference of the United States. Fees

**(3)** Upon admission by the Court, the *pro hac vice* or special admission attorney will be added to the docket and will receive only electronic notices from the Clerk of Court.

The Court will provide an opportunity for Mr. Rogers or other local counsel to file a motion for *pro hac vice* admission for Mr. Langley as provided by LCvR 83.1(D)(1). If such a motion has not been filed within **fourteen (14)** days from the

date of the filing of this Order, then the Court will enter an Order precluding Mr. Langley from acting as counsel for the Plaintiff in this matter.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that John E. Rogers, II or other local counsel will be allowed **fourteen (14) days** from the date of the filing of this Order within which to file a motion for the admission of T. Ryan Langley *pro hac vice* as counsel for the Plaintiff in this case and as is provided under LCvR 83.1(D)(1). Should such a motion not be filed within **fourteen (14) days** of the entry of this Order then this Court will enter an Order precluding Mr. Langley from appearing as counsel for the Plaintiff in this matter.

Signed: April 8, 2014

Dennis L. Howell
United States Magistrate Judge